RICHARD C. PROSTACK, APPELLANT, *v.*
PATRICIA SONGAILO, RESPONDENT.

No. 11861

February 20, 1981                                    623 P.2d 978

[Rehearing denied April 13, 1981]

*L. Earl Hawley,* Las Vegas, for Appellant.

*Wiener, Goldwater & Waldman, Ltd.,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order awarding summary judgment for $2,500.00 attorney's fees.

In mid 1973, the appellant, Richard C. Prostack, was faced with the possibility of criminal charges being filed against him by the IRS. Appellant's wife was employed by the Las Vegas law firm of Wiener, Goldwater & Waldman, Ltd. She approached Mr. Wiener of the firm and explained the problem facing her husband. Appellant arranged for Mr. Wiener to represent him. The criminal charges were not filed. This result required a substantial number of hours of the attorney's time, as well as trips to Los Angeles and New York. Several requests for payment were made. Appellant acknowledged by letter the indebtedness, but tendered no money. An accounting claim was assigned for collection; a complaint was filed, and respondent assignee, Patricia Songailo, prevailed on her motion for summary judgment.

Appellant asserts that the assignment is an unethical splitting of fees with a nonlawyer, and, therefore, an illegal assignment because it is against public policy. This contention is meritless. The assignment was for collection only—a common practice in such cases. This is not the instance of an improper splitting of fees with a nonlawyer. The cases cited by appellant, Greene v. Reed, 486 P.2d 222 (Ariz.App. 1971), and Sellars v. Lamb, 6 N.W.2d 911 (Mich. 1942) are inapposite. In *Greene,* the assignment was made to avoid the payment of income tax; in *Sellars,* the assignment violated public policy because the assignee, as a bank receiver, also approved the fee that the Comptroller determined and allowed. The assignment in this case was proper.

Summary judgment is properly granted when, as a matter of law, the moving party is entitled to the judgment because there is no genuine issue as to any material fact. NRCP 56(c); Short v. Hotel Riviera, Inc., 79 Nev. 94, 378 P.2d 979 (1963). The affidavits of both parties acknowledge the agreement for representation between appellant and respondent's assignor. Indeed, upon billing, the appellant acknowledged and agreed to the fee, stating that he would pay it as soon as possible.

This Court has heretofore enunciated the guidelines necessary to determine the reasonableness of a fee: (1) the qualities of the advocacy; (2) the character of the work to be done; (3) the work actually performed by the attorney; and (4) finally, the result. Brunzell v. Golden Gate National Bank, 85 Nev. 345, 349, 455 P.2d 31, 33 (1969).[1] Respondent's assignor spent a substantial number of hours on the case; he traveled extensively; importantly, the result of his efforts was successful.

Finally, at the hearing on the motion, appellant asserts that he requested a continuance for further discovery. The only record of any such request is in the Statement of Proceedings filed by appellant's attorney. No written motion seeking a continuance was ever filed. Appellant claims the court committed reversible error in denying the request for the continuance. The contention is meritless.

The trial judge did not err in granting summary judgment in this case. We therefore affirm.

---

[1] See ABA Code of Professional Responsibility, EC 2-17, 2-18; DR 2-107 and SCR 203, which adopts the ABA code.